# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00129-MR
# CRIMINAL CASE NO. 1:13-cr-00027-MR-DLH-1

| | |
|---|---|
| FRANKLIN DESHUN GIBBS, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Civil Case No. 1:16-cv-00129-MR ("CV"), Docs. 1, 3] and on the Government's Motion to Dismiss [CV Doc. 6].

## BACKGROUND

On June 6, 2013, Petitioner pled guilty in this Court to possession of a firearm by a felon. [Criminal Case No. 1:13-cr-00027-MR-DLH-1 ("CR"), Doc. 13: Acceptance and Entry of Guilty Plea]. The presence report ("PSR") noted that Petitioner had two prior convictions that triggered an enhancement to his base offense level under U.S.S.G. § 2K2.1(a)(2): a 2006

North Carolina conviction for felony discharge of a weapon into occupied property and a 2010 North Carolina conviction for felony habitual misdemeanor assault. [CR Doc. 22 at ¶¶ 17, 40, 46: PSR]. Based on the § 2K2.1 enhancement, Petitioner faced a Guidelines range of 77 to 96 months. [Id. at ¶ 121]. On August 7, 2014, this Court imposed a sentence of 82 months' imprisonment. [CR Doc. 24: Judgment]. Petitioner did not appeal.

On June 26, 2015, in Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA")—which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is "unconstitutionally vague." 135 S. Ct. 2551, 2557 (2015). Based on that holding, the Court concluded that "imposing an increased sentence under the residual clause... violates the Constitution's guarantee of due process." Id. at 2563.

On around May 9, 2016, Petitioner filed a *pro se* motion to vacate, raising a Johnson claim. [CV Doc. 1]. The Federal Defender was subsequently appointed to represent Petitioner pursuant to a standing order of this Court. On June 19, 2016, counsel filed a supplemental motion to vacate on Petitioner's behalf. [Doc. 3]. In the supplemental motion to vacate, Petitioner argues that, under Johnson, his prior convictions for felony discharge of a weapon into occupied property and for felony habitual

2

misdemeanor assault no longer qualify as predicates for a base-offense level enhancement under U.S.S.G. § 2K2.1(a).  Petitioner reasons that because the language of U.S.S.G. § 2K2.1(a) is the same as the language in the ACCA's residual clause that was struck down in Johnson, it follows that an enhanced sentence under U.S.S.G. § 2K2.1(a) is also invalid under Johnson.

On August 8, 2016, the Court placed Petitioner's motion in abeyance pending the outcome of Beckles v. United States, S. Ct. No. 15-8455, in which petitioner argued that his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2.  [CV Doc. 5].  On March 6, 2017, the Supreme Court held in Beckles that "the advisory Guidelines are not subject to vagueness challenges."  137 S. Ct. 886, 890 (2017).  On May 4, 2017, the Government filed the present motion to dismiss, arguing that Petitioner's Johnson challenge to his enhanced sentence under U.S.S.G. § 2K2.1(a) has no validity in light of Beckles.  [CV Doc. 6].  On May 9, 2017, the Court granted the Federal Defender's motion to withdraw from representation of Petitioner.  [CV Doc. 8]. In the Court's order, the Court gave Petitioner twenty days to file a *pro se* response to the Government's motion to dismiss.  [Id.].  Petitioner has not responded and the time to do so has passed.

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

As noted, Petitioner relies on Johnson in challenging his enhanced sentence under U.S.S.G. § 2K2.1(a). In Beckles, however, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." 137 S. Ct. at 890. Thus, the holding in Beckles has foreclosed Petitioner's Johnson claim, and the Court will therefore deny and dismiss the petition and grant the Government's motion to dismiss.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy

§ 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [CV Doc. 6] is **GRANTED**, and the Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [CV Docs. 1, 3], is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** Signed: June 23, 2017

Martin Reidinger
United States District Judge